RECEIVED
IN LAKE CHARLES, LA.

NOV -1 2011

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 00069-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CLYDE J. PONTEFRACT | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM ORDER

The defendant, Clyde J. Pontefract ("Pontefract"), has filed a Motion to Withdraw his Guilty Plea [doc. 162]. This motion has been opposed by the Government [doc. 166]. In conjunction with this motion, the court has reviewed the record, including the prior ruling by Judge Doherty and the transcript of the guilty plea taken on December 22, 2010.

A defendant does not have an absolute right to withdraw [his] guilty plea.[1] When requesting withdrawal before sentencing, the defendant must show "a fair and just reason" for the request.[2] When determining whether a fair and just reason has been shown, a court considers the factors set forth in *United States v. Carr*.[3] The factors include whether (1) the defendant has asserted his innocence, (2) the government would be prejudiced, (3) the defendant delayed in requesting the withdrawal, (4) the court would be substantially inconvenienced, (5) the close assistance of counsel was available, (6) the plea was knowing and voluntary, (7) the withdrawal would waste judicial

---

[1] *United States v. Powell*, 354 F.3d 362, 370 (5th Cir.2003).

[2] Fed. R.Crim. P. 11(d)(2)(B); *Powell*, 354 F.3d at 370.

[3] 740 F.2d 339, 343-44 (5th Cir.1984).

resources, and "as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion."[4] If, applying these factors, a defendant has alleged facts that would justify relief, a court must hold an evidentiary hearing on the matter.[5]

Pontefract entered a voluntary and knowing guilty plea to possession of child pornography; at the plea hearing, the Magistrate Judge discussed the plea agreement in depth, the elements of each offense, the burden of proof, and the consequences of pleading guilty. The transcript of these proceedings clearly support the validity of the plea. The defendant stated under oath that he understood the charges and the consequences of pleading guilty, and that he was not coerced into pleading guilty, and the defendant told the Court that he was satisfied with his attorney's representation. Fed.Rules Cr.Proc.Rule 11, 18 U.S.C.A.

Eighty three days after Judge Doherty accepted the guilty plea, the defendant filed a *pro se* motion to withdraw his guilty plea.[6] This is actually the fifth motion to withdraw his guilty plea and this time, it is again filed through counsel.

This court has again reviewed the seven factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Pontefract has not asserted actual innocence. A withdrawal of the guilty

---

[4] *Id.* (footnotes omitted).

[5] *Powell*, 354 F.3d at 370.

[6] The first motion to withdraw the guilty plea was filed on December 12, 2010 (Rec. Doc. 110) and was denied by the Magistrate Judge (Rec. Doc. 129). On April 25, 2011, the defendant filed a pro se motion to withdraw his guilty plea. On May 10, 2011, Judge Doherty denied that motion. (Rec. Doc. 147). This court specifically adopts Judge Doherty's ruling and the reasons set forth therein. On May 12 and 23, the defendant filed pro se motions duplicating his prior motion and Judge Doherty cautioned him not to file any further frivolous motions. The motion before this court is then the fifth motion to withdraw his guilty plea.

2

plea would certainly prejudice the government. The delay in filing the motion weighs against the defendant. A withdrawal of this guilty plea would inconvenience the court and be a waste of judicial resources. Pontefract had the benefit of close assistance of counsel. The record is absolutely clear that this plea was knowing and voluntary.

The court further finds that the defendant's guilty plea was not unconstitutionally defective nor is Title 18 United States Code, Section, 2251(a) and its accompanying definitions unconstitutionally vague. It is well-settled that child pornography laws defining sexually explicit conduct to include "lascivious" exhibition of genitals or the pubic area of any person did not render the law unconstitutionally vague, despite the lack of precision with respect to the term "lascivious." 18 U.S.C.A. §§ 2251(a), 2255; U.S.C.A. Const.Amends. 1, 5. *United States v. Wolf*, 890 F.2d 241, 243 (10 th Cir. 1989) *citing* United States v. Freeman, 808 F.2d 1290, 1292 (8th Cir. 1987); *United States v. Reedy*, 632 F.Supp. 1415, 632 F.Supp. 1415 (W.D.Okl.1986); *see also* United States v. X-Citement Video, 513 U.S. 64, 78-79, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) where the Supreme Court held that the use of the term "lascivious" to define prohibited material is constitutional on its face. Accordingly, IT IS ORDERED that the Motion to Withdraw the Guilty Plea IS DENIED. A sentencing hearing will be reset.

Lake Charles, Louisiana, this 31 day of October, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3